FISCHER v. FISCHER.

(Supreme Court, Special Term, New York County.   July 6, 1909.)

JURY (§ 28*)—RIGHT TO JURY TRIAL—WAIVER.

A defendant in an action for divorce on the ground of adultery, who permitted the entry of a default interlocutory judgment which was subsequently set aside, and who thereafter obtained the setting aside of a second interlocutory judgment rendered after hearing before the court at which she testified and was represented by counsel, waived a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 181; Dec. Dig. § 28.*]

Action by Robert Lee Fischer against Florence E. Fischer. On motion to frame issues for trial by jury.   Denied.

Sydney R. Lash, for the motion.

Battle & Marshall (George Gordon Battle, of counsel), opposed.

GIEGERICH, J.  It appears that this action came on for trial before the court without a jury, and was undefended.  Testimony was taken, and the court directed an interlocutory judgment in favor of the plaintiff.  A few days later the defendant's attorney applied to the court to reopen the case, which was done.  Several hearings were thereafter had before the court; the defendant being represented by counsel, interposing an answer, and herself testifying.  The case was finally closed, and an interlocutory judgment directed in favor of the plaintiff, which was afterwards entered.  Some six months later a motion was made by the defendant to vacate the interlocutory judgment and grant a new trial, and the motion was granted; the court saying that, although there could be no doubt of the criminal relations between the defendant and the co-respondent, there had been collusion between the plaintiff and the defendant as to the specific act of adultery upon which the interlocutory judgment had been founded. A motion is now made by the defendant to frame issues for a jury upon the new trial.

I think, under the circumstances disclosed, the defendant has waived her right to a jury trial.  Chase v. Chase (Sup.) 19 N. Y. Supp. 268. The case cited was brought for an absolute divorce, and, the defendant having made default in answering, an order of reference to take proof and report was obtained by the plaintiff.  Before the hearing the defendant moved to open the default and vacate the order of reference.  The plaintiff opposed the motion, and an order was made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

opening the default on payment of costs, but allowing the order of reference to stand as if made after issue joined. A trial was then had before the referee, who found in favor of the defendant. Upon confirming the referee's report the court said (page 269):

"It will not do for a party to lie by, taking the chances of a favorable decision before a forum in which he acquiesces, and then, when an adverse result comes, seek to defeat that result, unless the proceedings are entirely void. Such is not the case here."

The motion should therefore be denied, but without costs.